## FARNSWORTH *against* GROOT.

*In passing on the Erie and Champlain canals, freight boats are bound to afford every facility for the passage of packet boats, as well through the locks, as elsewhere on the canal. And where a freight boat, passing west on the Erie canal was waiting for the emptying of a lock, when a packet boat overtook her, held that the packet boat should pass first.*

*On request, the master of the freight boat refusing to consent to this, the master of the packet may use all necessary means to obtain the preference due to him, short of a breach of the peace; as by pulling back the freight boat, and forcing his own forward; for which no action of trespass will lie; no unnecessary damage to the freight boat being done.*

ON error from the *Schenectady* C. P.  *Groot* sued *Farnsworth* in a justice's court, in trespass, for obstructing the former in passing a lock on the *Erie* canal ; and recovered $5.  On appeal to the *Schenectady* C. P., *Groot* recovered $15.

In the latter court, it was proved at the trial, that *Groot* had arrived at the lock before *Farnsworth ;* both passing west.  It was regularly *Groot's* turn to pass the lock, which was not more than a quarter empty when *Farnsworth* arrived.  *Groot* commanded a freight boat, and *Farnsworth* a packet boat.  *Farnsworth,* on coming up, asked permission of *Groot* to pass first, which *Groot* refused.  *Farnsworth* then demanded it as a right.  On being refused, he ordered his hands to push back *Groot's* boat, which, (on seeing the packet boat approaching,) the latter had hauled up into the jaws of the lock.  The boats were thus both wedged into the lock.  *Farnsworth's* hands attempted to push back *Groot's* boat ; but it was held fast by his hands.  This was substantially the case, as made out by *Groot,* the plaintiff below.  According to the defendant's witnesses, he (the defendant below,) gave no orders to interfere with *Groot's* boat ; but it was some of the passengers who pushed the boat.  After about half an hour's detention, the defendant below ordered his boat back, and the plaintiff below passed first.

The court below denied a motion for a non-suit, at the close of the plaintiff's testimony ; and after the defendant had closed his case, decided that his matters of defence were insufficient ; and so instructed the jury, who found for the plaintiff below.

*If the freight boat be detained or injured through the obstinate resistance of the master, to the exercise of the right of preference of the packet ; this is the fault of the former, for which he cannot recover damages, against the master of the latter.*

The defendant below excepted; and the cause came here on the record and bill of exceptions.

ALBANY,
Feb. 1827.

Farnsworth
v.
Groot.

*Beck* and *Linn*, for the plaintiff in error.

*M. T. Reynolds*, contra.

*Curia, per* SAVAGE, Ch. J.   It is important, *first*, to as-certain the relative rights of the parties.   By the 4th section of the act for the maintenance and protection of the *Erie* and *Champlain* canals, and the works connected therewith, passed *April* 13*th*, 1820, (*sess.* 43, *ch.* 202,) it is, among other things, enacted that, "if there shall be more boats, or other floating things, than one below, and one above any lock, at the same time, within the distance aforesaid, (100 yards,) such boats and other floating things shall go up and come down through such lock by turns as aforesaid, until they shall have passed the same; in order that one lock full of water may serve two boats or other floating things."   By the 10th section, (*p.* 186,) it is enacted, "that, in all cases in which a boat, intended and used chiefly for the carriage of persons and their baggage, shall overtake any boat, or other floating thing, not intended or used chiefly for such purpose, it shall be the duty of the boatman, or person having charge of the latter, to give the former every practicable facility for passing; and, whenever it shall become necessary for that purpose, to stop, until such boat for the carriage of passengers shall have fully passed."   And a penalty of $10 is imposed for a violation of this duty.

It was evidently the intention of the legislature, that packet boats should not be detained by freight boats; as it was known that the packets would move faster than the freight boats; and, in the language of the act, *every facility* was intended to be afforded them.   But the right of passing when both are in motion, might be of little use, if the packets must be detained at every lock until all the freight boats there have passed before it.   The fair construction of the act undoubtedly is, that the packets shall have a preference on any part of the canal; and to be of

ALBANY,
Feb. 1827.

Farnsworth
v.
Groot.

any use, this right must exist at the locks as well as on any other part of the canal.

In my judgment, therefore, the defendant below had the right of entering the lock first, and the plaintiff below was the aggressor in attempting to obstruct the exercise of that right. Did the defendant, then, do more than he lawfully might, in endeavoring to enforce his rights? No breach of the peace is pretended. No injury to the boat was done. The plaintiff below was detained, and so was the defendant; but the detention was occasioned by the fault and misconduct of the plaintiff himself. What right, under this view of the subject, has the plaintiff below to complain? The defendant below was the injured party. The plaintiff below was indeed liable to a penalty; but that could not prevent the defendant below from using proper means to propel his boat, and to remove the obstruction caused by the plaintiff below. Suppose, in any part of the canal, the defendant below had overtaken the plaintiff below; and the latter had refused to permit the former to pass; and had placed his boat across the canal; would not the defendant below have been justified in attempting to remove the obstruction, without injury or breach of the peace? This I presume will not be denied. The defendant below has done no more. I think, therefore, the court below erred in refusing to instruct the jury that the plaintiff was not entitled to recover; and the judgment should be reversed.

Judgment reversed.